**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br>    Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530-0001, <br><br> and <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Suite 5.600 <br> 600 19th Street, N.W. <br> Washington, DC  20522, <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendants U.S. Department of Justice and the U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses it receives and disseminates its findings and any responsive records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001. On information and belief, DOJ has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant U.S. Department of State ("State Department") is an agency of the United States Government headquartered at 2201 C Street, N.W., Washington, DC 20520. The State Department has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On December 22, 2017, Plaintiff submitted a FOIA request to DOJ seeking the following records:

> **Any and all records regarding, concerning or relating to the company Uranium One (otherwise known as Uranium One, Inc. or SXR Uranium One, Inc.), including but not limited to records of communication sent to and from officials in the offices of the Attorney General and Deputy Attorney General, Office of Legal Counsel, and the National Security Division.**

The timeframe for the requested records was from January 20, 2009 through December 31, 2013.

7. On the same day, December 22, 2017, Plaintiff submitted a FOIA request to the State Department seeking the following records:

> **Any and all records regarding, concerning or relating to the company Uranium One (otherwise known as Uranium One, Inc. or SXR Uranium One, Inc.), including but not limited to records of communication sent to and from officials in the Office of the Secretary of State, Office of the Legal Advisor, Office of the Under Secretary for Arms Control and International Security Affairs, Office of Arms Control, Verification and Compliance, Office of International Security and Nonproliferation, and the Office of Political-Military Affairs.**

The time frame for the requested records also was January 20, 2009 through December 31, 2013.

8. DOJ responded to Plaintiff's request by a letter dated January 10, 2018 and advised Plaintiff that the request has been assigned "Tracking Number 7017 1000 0000 5383 2821."

9. The State Department responded to Plaintiff's request by a letter dated January 26, 2018 and advised Plaintiff that the request was received on January 3, 2018. The letter further states that the request has been assigned "Case Control Number F-2018-00133."

10. As of the date of this Complaint, Defendants have failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendants are violating FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request and, accordingly, failing and/or refusing to produce any and all non-exempt records responsive to the request.

13.     Plaintiff is being irreparably harmed by Defendants' violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

14.     To trigger FOIA's administrative exhaustion requirement, Defendants were required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the requests.  At the latest, DOJ's determination was due by February 23, 2018 and the State Department's determination was due by February 15, 2018.  At a minimum, by these dates Defendants were required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendants intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See, e.g., Citizens for Responsibility and Ethics in Wash. v. Federal Election Comm'n*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

15.     Because Defendants failed to determine whether to comply with Plaintiff's requests within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

16.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct searches for any and all records responsive to Plaintiff's requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to

the request; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 29, 2018                                    Respectfully submitted,

/s/  *James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*